UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AARON E. ISBY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 2:11-cv-326-JMS-DKL |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Selected Matters**

**I.**

This is an action in which a state prisoner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

In a case such as this, the court is obligated to move forward expeditiously for three reasons: *First,* all litigants deserve a prompt decision consistent with the claims and defenses presented, the nature and extent of factual disputes, and other variables with which counsel are well familiar. *Second,* the responsible management of the court's docket requires that cases be resolved. *Third,* the Supreme Court has emphasized that habeas corpus proceedings are intended to provide "swift, flexible, and summary determination[s]." *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 271 (1978); see also *O'Connor v. United States,* 133 F.3d 548, 551(7th Cir. 1998)(Congress expressed in the [Antiterrorism and Effective Death Penalty Act] a strong preference for swift and conclusive resolution of collateral attacks. A petition should be granted at once if it is clearly meritorious; keeping a person in prison just because an existing yet unsuccessful challenge is still in the works would be a perversion of justice. A petition should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law. Only the more difficult petitions, whose evaluation requires an evidentiary hearing or a substantial investment of judicial time, should be deferred."); *Post v. Gilmore,* 111 F.3d 556, 557 (7th Cir. 1997) ("Liberty's priority over compensation is why 28 U.S.C. § 1657 specifies that requests for collateral relief go to the head of the queue. . . .").

## II.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

"The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004). This means that federal courts do not sit in review of a state court's application of its own state law. *See, e.g., Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law." (internal citations and quotation marks omitted)); *Curtis v. Montgomery,* 552 F.3d 578, 582 (7th Cir. 2009) ("We may not review state-court interpretations of state law."). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet,* 390 F.3d at 551.

If petitioner Isby has properly recited the procedural features of his conviction and sentence and the issuance of an amended sentence, the question presented here is not expected to be complex. Each party now has counsel. Counsel are expected to advocate efficiently as well as vigorously.

## III.

### A.

The further development of the action shall proceed as follows:

a. The respondent shall have through March 21, 2012, in which to show cause why the relief sought by Isby should not be granted.

b. Isby shall have through April 8, 2012, in which to file a reply to the respondent's response to the order to show cause.

### B.

The respondent's motion for enlargement of time [16] is granted consistent with the above, and is denied to the extent such motion seeks an extension of time inconsistent with the above.

IT IS SO ORDERED.

Date: 03/06/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

AARON ISBY-ISRAEL
DOC #892219
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838

All electronically registered counsel